UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CORBIN J. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-00038-RLY-MPB |
| | ) | |
| BERRY GLOBAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE

This matter is before the court on the Parties' Joint Motion for an Order Approving Release of Claims of Late Opt-Ins ("Joint Motion") (Filing No. 67). Upon review of the Parties' Motion and being fully advised of the premises, the court hereby grants the Joint Motion, and **ORDERS** as follows:

1. On January 28, 2022, the court approved the Parties' Settlement Agreement and Release ("Settlement Agreement") (Filing No. 62) as "fair and reasonable" (including the allocation formula and settlement distribution process contained therein) and issued a final certification of the FLSA Settlement Collective formed following the court's conditional certification and issuance of court-authorized notice to putative collective members. (Filing No. 63, ¶¶ 1-2). The court dismissed with prejudice and granted final judgment on all "Released Claims" as defined in the Settlement Agreement and enjoined FLSA Settlement Collective members from prosecuting any "Released Claims" against Defendant Berry Global, Inc., and the "Released Persons" defined in the Settlement Agreement. (*Id.* ¶ 6).

1

2. After the execution of the Settlement Agreement, two individuals who were sent court-authorized notice in July 2021 (Patricia Fuller and Jerome Brown) (collectively, "Late Filers") submitted to the Settlement Administrator untimely consents to join the FLSA Settlement Collective.

3. The Parties agreed to accept the consents of the Late Filers and settle their claims on the same basis as other FLSA Collective members. More specifically, the Late Filers will each receive the same pro rata share of the original gross settlement amount that someone with the same number of eligible workweeks would have received under the Settlement Agreement and will be bound by the Settlement Agreement, including the release of claims contained therein. These settlement payments will not diminish the amount received by any other FLSA Settlement Collective member. Defendant will contribute additional funds to the Qualified Settlement Fund to cover the settlement payments and employer's share of employment taxes for the Late Filers, and Collective Counsel will not receive any additional amount in attorneys' fees and costs.

4. The court finds that this result is a fair and reasonable compromise of a bona fide dispute between the Late Filers and Defendant, and that the allocated gross settlement amounts are fair and reasonable.

5. The court **DISMISSES WITH PREJUDICE** and **GRANTS** final judgment on all "Released Claims" by the Late Filers, as defined in the Settlement Agreement and enjoins each Late Filer from prosecuting any "Released Claims" against Defendant and the "Released Persons" defined in the Settlement Agreement.

6. The court **RETAINS** jurisdiction over the alleged claims of the Late Filers, and the implementation and administration of the Settlement Agreement with respect to the Late Filers.

**SO ORDERED** this 28th day of October 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.